IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEENA ANN WALKER,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-2543 |
| | : | |
| LOWER MERION POLICE<br>DEPARTMENT,<br>    Defendant. | :<br>:<br>: | |

**MEMORANDUM**

**BEETLESTONE, J.**                                                                                    **JUNE  14th  , 2024**

Sheena Ann Walker has filed a *pro se* Complaint naming the Lower Merion Police Department as Defendant.  Walker seeks leave to proceed *in forma pauperis*.  For the following reasons, the request to proceed *in forma pauperis* will be granted and the case will be dismissed on statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      FACTUAL ALLEGATIONS**[1]

Walker's allegations are brief.  She asserts that she reported to her local authorities that she is the victim of identity theft, her home was broken into, and she is being "gang stalked." (Compl. at 4.)  Nothing, however, has been done about this.  (*Id*.)  In July 2020 she was allegedly attacked in her home, other break-ins have occurred and items stolen since that time, but "the officers have done nothing to help [her]" and she has been treated disrespectfully when she has reported crimes.  (*Id*.)  Walker states that she has given the police evidence of identity theft and fraud.  (*Id*.)  She has had to quit her job on two occasions because she "started to be gang

---

[1] The facts set forth in this Memorandum are taken from Walker's Complaint (ECF No. 2).  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

stalked" at her job and at local shops.  While she has reported this to the police, she claims that "nothing was done my civil rights are being violated."  (*Id.*)  She has had to put identity theft alerts on her social security and credit reporting accounts.  (*Id.*)  Walker makes no specific claim for the relief she wants for her claims.  (*Id*. at 5.)

Walker attached to her Complaint a copy of a Lower Merion Police Department form about a victim's bill of rights, a slip of paper with an unidentified number and noting "OFC Brow #116," a letter from Bank of America declining her request to open an account, contact information for TransUnion and Experian, several "Incident Notification Cards" from the Lower Merion Police recording that they responded to her home on several occasions, information about Pennsylvania crime victims, information about protecting one's identity, a notice addressed to her from a law firm about a data security incident, and apparent pieces of spam mail stating "Final Notice" about a "vehicle service contract."  (ECF No. 2-1 at 1-13.)

## II.    STANDARD OF REVIEW

The Court will grant Walker leave to proceed *in forma pauperis.*  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because Walker is proceeding *pro se*, the

Court construes the allegations of the Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F. 3d 239, 245 (3d Cir. 2013)).

**III.    DISCUSSION**

Because Walker mentions that her civil rights have been violated, the Court understands her to be attempting to assert constitutional violations against the Lower Merion Police Department.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.[2]

---

[2] Even if Walker had named Lower Merion as a defendant, the claim would still not be plausible.  To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation.  *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).  It is not enough, however, to allege the existence of a policy or custom.  "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries."  *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).  This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged.  *Id.*  Because Walker failed to allege she

*Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016).  Because it is not a "person," the Lower Merion Police Department is not a proper defendant in this case under § 1983 and is dismissed.

More generally, Walker's attempt to allege a constitutional claim based on the response by authorities to her reports that she was a crime victim is not plausible for the additional reason that a lone allegation that a police officer failed to investigate a crime, without another recognizable constitutional right, is not sufficient to sustain a § 1983 claim.  *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). Because Walker fails to allege that some other constitutional right was violated – and the Court can discern none from her Complaint – her case must be dismissed.  An appropriate Order will be entered separately.  *See* Federal Rule of Civil Procedure 58(a).

                                                **BY THE COURT:**

                                                **/s/Wendy Beetlestone, J.**

                                                **WENDY BEETLESTONE, J.**

---

suffered a constitutional violation due to a policy or custom of Lower Merion, any *Monell* claim against that entity would not be plausible.